John C. **GAUTZ,** Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 83CV–6299–AA.**

United States District Court,
E.D. Michigan, S.D.

Jan. 31, 1984.

John C. Gautz, Palmyra, Mich., for plaintiff.

Seth G. Heald, Tax Div., U.S. Dept. of Justice, Washington, D.C., Geneve S. Halliday, Asst. U.S. Atty., Detroit, Mich., for defendant.

## ORDER

JOINER, District Judge.

This case is before the Court on defendant's Motion for Summary Judgment. For the reasons stated herein, the motion is granted.

Plaintiff filed an I.R.S. 1040 form for 1982 in which he indicated that he had no taxable income for that year, notwithstanding the fact that the W–2 forms which plaintiff attached to his tax return indicated income of over $6,000 for the year. The I.R.S. assessed a $500 penalty against plaintiff for filing a frivolous return, pursuant to 26 U.S.C. § 6702.[1] Plaintiff paid 15% of this penalty and appealed to the I.R.S., claiming a refund of the penalty. The I.R.S. denied this claim, and plaintiff subsequently filed this action.

Plaintiff alleges in his complaint that he is not liable for federal income tax because he did not affix his signature on the tax return which he filed for the year of 1982. Clearly, this is the kind of obstruction of the voluntary assessment system contemplated by our tax collection procedures to which the penalty of § 6702 was directed. Plaintiff has failed to file an answer to this motion and thereby indicate some justification for his claim that he has incurred no tax liability. Indeed, plaintiff has not only claimed that he has incurred no tax liability, he has in addition requested a refund of $1,900 when his W–2 forms indicated that only $560 was withheld by his employer.

For these reasons, the motion for summary judgment is granted and the complaint is dismissed with prejudice.

SO ORDERED.

---

1. The section from the Internal Revenue Code provides as follows:

   § 6702. Frivolous income tax return
   (a) Civil penalty. -If-
   (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
   (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
   (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

   (2) the conduct referred to in paragraph (1) is due to—
   (A) a position which is frivolous, or
   (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500.
   (b) Penalty in addition to other penalties.— The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.